376 Pa. 317 (1954)
Freihofer Estate.
Supreme Court of Pennsylvania.
Argued January 14, 1954.
January 20, 1954.
*318 Before STERN, C.J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.
James T. Carey, with him John Patrick Walsh, for appellants.
Richardson Blair, with him Joseph K. Gordon, Ballard, Spahr, Andrews & Ingersoll, John Bishop, 6th, Barnes, Dechert, Price, Myers & Rhoads, C. Laurence Cushmore, Jr., White, Williams & Scott, M. Jacob Markmann, Thomas P. Mikell, Saul, Ewing, Remick & Saul, Edwin Hall, 2nd, and Alfred D. Bruce, for various appellees.
Harry J. Alker, Jr., in propria persona, for surviving executor, appellee.
*319 OPINION PER CURIAM, January 20, 1954:
The administration by the Executors of this Estate has continued since 1932, in which year the decedent died leaving a hopelessly insolvent estate. The presently remaining assets consist solely of nine properties on Frankford Avenue, Philadelphia. In 1952 the court below stated that if the surviving executor did not succeed in disposing of these properties at private sale by June 1, 1953, any creditor might then apply to the court for an order directing a public sale. As no private sale resulted within that time the court, under date of September 14, 1953, on the petition of a group of creditors, ordered the surviving executor to expose the properties at public sale.
The sale took place accordingly on October 28, 1953, in the auction rooms of Samuel T. Freeman & Co. All parties in interest received due notice and the sale was extensively advertised. The price obtained was $260,000. and the court, after hearing, confirmed the sale. From its order of confirmation a number of creditors having claims of approximately $128,000. now appeal to this court.
Appellants assert that the price obtained at the sale was inadequate especially in view of the fact that a court-appointed appraiser in 1952 had appraised these properties at $427,000. On the other hand, creditors whose claims total approximately $498,000. insist that no better price can be obtained and that it is high time that the estate be finally liquidated; they point to the fact that the assessed value of the properties for purpose of taxation is $243,000., that a recent expert appraisement fixed the value at $280,000. and that the auction sale undoubtedly reflected the true market value of the properties.
We find nothing in the record that would justify a reversal of the decree of the court below. There is no *320 suggestion of any fraud, accident or mistake in connection with the sale. The court in its opinion points out that proper notice of the sale was given, that the sale was attended by many interested parties, that there was no evidence of collusive bidding, that the price obtained was not inadequate in the light of all the circumstances, that no higher offer was presented by anyone at the hearing before the court, and that the creditors were entitled to a liquidation of the estate, more than 11 years having passed since the filing of the executors' account and more than 21 years since the death of the testator. The question was one for the judgment of the court below, and there is no justification for the contention that it abused its discretion.
The decree of confirmation is affirmed at the cost of appellants.